1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10

11                                    )  Civil No.12-2178-WQH(WVG)
    ERIC BERNARD JACKSON,             )
12                                    )  REPORT AND RECOMMENDATION
                     Petitioner,      )  DENYING PETITION FOR WRIT
13  v.                                )  OF HABEAS CORPUS
                                      )
14  MATTHEW CATE, Secretary of        )
    the California Department         )
15  of Corrections and               )
    Rehabilitation, and ELVIN        )
16  VALENZUELA, Warden,               )
                                      )
17                   Respondent.      )
                                      )
18  _____  )

19

20                            **I**

21                       **INTRODUCTION**

22       Eric Bernard Jackson (hereinafter "Petitioner"), a

23  state prisoner proceeding *pro se*, filed a Petition for

24  Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254

25  (hereinafter "Petition") challenging an enhanced sentence

26  based on an admission of a prior felony conviction.

27  (Respondent's Lodgment No. 1 at 50.) Petitioner claims

28  that habeas relief is proper because the trial court

12CV2178

1  failed to advise him of his constitutional right to remain
2  silent and to confront witnesses before he admitted to a
3  previous felony conviction that enhanced his sentence
4  under Cal. Penal Code Sections 667(a)(1) and 668. (Peti-
5  tion at 6.)

6      The Court has reviewed the Petition, Respondent's
7  Answer, and all supporting documents submitted by the
8  parties. Based on the documents and evidence presented,
9  and for the reasons set forth below, this Court finds that
10 Petitioner is not entitled to the relief requested and
11 RECOMMENDS that the Petition be DENIED.

12                          **II**

13                  **FACTUAL BACKGROUND**

14     This Court gives deference to state court findings
15 of fact and presumes them to be correct. See 28 U.S.C. §
16 2254(e)(1); see also Parke v. Raley, 506 U.S. 20, 35-36
17 (1992). The facts found by the state appellate court are
18 substantially set forth below: (See Respondent's Lodgment
19 No. 5 at 2-4.)

20     On September 10, 2009, Louis Ayala, an ice cream
21 vendor, sat on his cart and made a pay phone call.
22 Petitioner approached Ayala from behind, touched Ayala's
23 shoulder, and asked for his name. Petitioner instructed
24 Ayala to get off the telephone and mumbled a statement
25 about Tijuana, Border Patrol, and immigration. Petitioner
26 then pressed a box cutter against Ayala and stuck his hand
27 in Ayala's pocket. Petitioner ordered Ayala to empty the
28 rest of his pockets.

12CV2178

1    Petitioner then took Ayala's money and told Ayala to
2    follow him, but Ayala ran across the street to "a group of
3    kids" and said "Call the police. [He's] robbing me."

4         The police captured Petitioner. He was prosecuted
5    for robbery. During Petitioner's trial, and out of the
6    presence of the jury, the court asked defense counsel and
7    Petitioner how Petitioner wanted to proceed with respect
8    to a prior bank robbery allegation. Petitioner's counsel
9    told the court that Petitioner knew of his right to a jury
10   trial on the allegation and that he could waive that right
11   and either have the court decide the matter or admit the
12   allegation. Counsel stated to the court that "there
13   doesn't appear to be an issue with [the prior conviction
14   allegation]" and that Petitioner  agreed to "simply admit
15   the strike prior allegation without prejudice on any legal
16   issues we have to strike it."

17        The court asked Petitioner if he understood his
18   right to a separate jury trial on the prior conviction
19   allegation  and  Petitioner  answered,  "I  understand."
20   Petitioner's counsel interrupted the exchange to inform
21   the court that Petitioner disputed the date of conviction
22   contained  in  the  information,  but  not  the  conviction
23   itself. The trial court told Petitioner that the date did
24   not matter. Petitioner then "admitted to the bank robbery
25   in 1984" and stated that the previous court sentenced him
26   on May 5, 1985.

27        The trial court then asked Petitioner if he wanted
28   to give up his right to a jury trial and admit to a bank

12CV2178

robbery conviction in Phoenix, Arizona. Petitioner's counsel again intervened and said, "That is incorrect. It was in San Diego County."

The trial court again asked Petitioner, "Do you admit that you were convicted of bank robbery in Court No. 84416098 as alleged in the first serious felony prior and strike prior?" Petitioner responded, "Yes. I admit that."

### III

### PROCEDURAL BACKGROUND

In San Diego Superior Court case number SCD222834, a jury found Petitioner guilty of robbery [Cal. Penal Code § 211]. (Respondent's Lodgment No. 2 at 2.) Petitioner also admitted to a strike prior for a federal felony bank robbery conviction. (Respondent's Lodgment No. 2 at 2.) The trial court sentenced Petitioner to a total term of nine years; a base term of two years for the robbery (Cal. Penal Code § 213(a)(2)), which the court doubled and added five years because of the prior felony conviction [Cal. Penal Code §§ 667(a)(1)-(e)(1), 668, 1170.12(c)(1), 1192.7 (c)(1)- (d)].

Petitioner appealed to the California Court of Appeal, Fourth Appellate District, Division One, in case number D056904. (Respondent's Lodgment No. 5.) On April 4, 2011, the Court of Appeal affirmed the judgment for robbery and the sentence enhancement for the previous felony. (Respondent's Lodgment No. 5 at 13.)

Petitioner filed a Petition for Review in the California Supreme Court. (Respondent's Lodgment No. 6.)

12CV2178

On June 8, 2011, the California Supreme Court denied the Petition without comment in case S192706. (Lodgment No. 7.)

On September 5, 2012, Petitioner filed a Petition for a Writ of Habeas Corpus in this Court. On November 7, 2012, Respondent filed an Answer to the Petition.

**IV**

**SCOPE OF REVIEW**

The 1996 Antiterrorism and Effective Death Penalty Act ("AEDPA") governs Petitioner's claim because Petitioner filed the claim after April 24, 1996. <u>See</u> <u>Lindh v. Murphy</u>, 521 U.S. 320, 322-23 (1997). Under the AEDPA, a federal court will only entertain a prisoner's habeas petition if the "claim was adjudicated on the merits in state court" and the Petitioner claims he "is in custody in violation of the Constitution or laws or treatise of the United States." 28 U.S.C. § 2254(a).

Furthermore, a Federal court will only grant an AEDPA habeas petition if the state court's decision was either "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" ("Supreme Court") or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2); <u>Williams v. Taylor</u>, 529 U.S. 362, 403 (2011) [stating that a petitioner may satisfy either § 2254(d)(1) or § 2254(d)(2)].

12CV2178

Under the AEDPA, federal courts must be highly deferential to the state court's decision and give them the "benefit of the doubt." Woodford v. Visciotti, 527 U.S. 19, 24 (2002). A federal court's deference to state court rulings, however, "does not imply abandonment or abdication of judicial review." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003). A federal court must engage in its own analysis, particularly on whether "clearly established Federal law" exists.

Federal courts may not re-examine state court decisions on questions of state law and, thus, must first determine a threshold issue; whether Petitioner's claim derives from "clearly established Federal law, as determined by the Supreme Court of the United States." See 28 U.S. 2254(d)(1); Lockyer v. Andrade, 538 U.S. 63, 71-72 (2003) (deciding if "clearly established Federal law" existed as a threshold issue); Estelle v. McGuire, 502 U.S. 62, 68 (1991) (stating that federal courts may not "reexamine state-court determinations on state-law questions"). The Supreme Court of the United States' holdings in effect at the time of the state court decision comprise the applicable "clearly established Federal law". See Lockyer, 528 U.S. at 71-72; Taylor, 529 U.S. at 412. Thus, the AEDPA prohibits federal courts from granting habeas relief without clear Supreme Court precedent on the issue, based upon Supreme Court dicta, or derived from non-Supreme Court authority. See Wright v. Van Patten, 552 U.S. 120, 126 (2008) (finding that "because our cases give

12CV2178

no clear answer to the question presented... 'it cannot be said that the state court unreasonably applied clearly established Federal law.'"); <u>Carey v. Musladin</u>, 549 U.S. 70, 77 (2006) (stating that because of "the lack of holdings from this court... it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'"); <u>Parker v. Matthews</u>, 132 S. Ct. 2148, 2155 (2012) (reiterating that they "explained in correcting an identical error by the Sixth Circuit two terms ago... circuit precedent does not constitute 'clearly established Federal law.'"). However, a court may look to appellate decisions to determine if "clearly established federal law" exists and for persuasive authority. <u>See</u> <u>LaJoie v. Thompson</u>, 217 F.3d 663, 669 (9th Cir. 2000); <u>Duhaime v. Ducharme</u>, 200 F.3d 597, 600 (9th Cir. 1999).

   After addressing the "clearly established Federal law" threshold issue, the court must then determine whether the state court decision is "contrary to" or an "unreasonable application of" Supreme Court precedent. <u>See</u> <u>Lockyer</u>, 528 U.S. at 71-72. The Supreme Court ruled that the "contrary to" clause of 2254(d)(1) permits a grant of habeas relief "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court on a set of materially indistinguishable facts." <u>Taylor</u>, 529 U.S. at 412-13. Additionally, the "unreasonable application" clause of Section 2254(d)(1) permits a court to grant a habeas petition "if the state

court identifies the correct governing principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. The Supreme Court also clarified that under Section 2254(d)(1), even an erroneous or incorrect application of clearly established federal law does not support granting a petition, unless the state court's application was objectively unreasonable. Id. at 410.

A federal court "looks through" to the last appellate court decision when the state's highest court did not issue a reasoned decision. See Ylst v. Nunnemaker, 501 U.S. 797, 805-06 (1991). Lastly, a state court need not cite Supreme Court precedent when resolving a habeas corpus claim. Early v. Packer, 537 U.S. 3, 8 (2002).

V

DISCUSSION

Petitioner claims that habeas relief is proper because he did not knowingly and intelligently waive his constitutional rights when he admitted to a prior felony that enhanced his sentence under the California Three Strikes Law.[1/] (Petition at 6; Respondent's Lodgement 2 at 13-18, 25.) Petitioner argues that he could not have knowingly and intelligently waived his rights because the trial court failed to advise him of his right to remain silent and to confront witnesses and, in addition, misstated facts about his prior conviction. (Respondent's

[1/] Petitioner did not raise specific arguments in his Petition. However, the Court presumes that Petitioner argues the same violations as he presented in the California Court of Appeal.

8

12CV2178

Lodgment No. 2 at 13-18, 25.) This Court must first decide the threshold issue of whether Petitioner's right to these advisements and an intelligent waiver stems from "clearly established Federal law."

A. "Clearly Established Federal Law" Does Not Require Nor Mandate The Same Advisement Of Petitioner's Rights For An Admission Of A Prior Felony Conviction As It Does For A Guilty Plea

Petitioner argues that "clearly established Federal law" equates an admission to a prior crime with a guilty plea and, therefore, required him to knowingly and intelligently waive his right to remain silent and to confront witnesses before he admitted to the prior felony.[2/] (Petition at 6.) In contrast, Respondent contends that "clearly established Federal law" does not equate admissions with guilty pleas, does not include rights based in California law, and specifically states that the Constitution does not provide a federal right to a jury trial for prior crime admissions. (Answer at 11-13.)

1. "Clearly Established Federal Law" Does Not Correlate Or Equate A Guilty Plea with An Admission To A Prior Crime

Petitioner cites Boykin v. Alabama, 395 U.S. 238, 242 (1969), to provide "clearly established Federal law" for his claim to relief. (Petition at 6). In Boykin, the Supreme Court held that a guilty plea implicates a defendant's right to remain silent, to a jury trial, and to confront those brought against him and requires the

---

[2/] While Petitioner does not explicitly present this argument, his sole federal case citation is to Boykin v. Alabama, 395 U.S. 238 (1969).

12CV2178

record to affirmatively demonstrate that the defendant "voluntarily and intelligently" waived these rights. <u>Boykin</u>, 395 U.S. at 242.  The Ninth Circuit Court of Appeals further held that "where a defendant's admission of a prior felony conviction can be used to enhance his sentence, the admission is the functional equivalent of a plea of guilty" and, therefore, the same constitutional rights apply. <u>Bernath v. Craven</u>, 506 F.2d 1244, 1244 (9th Cir.  1974)[citing <u>Wright v. Craven</u>, 461 F.2d 1109, 1109 (9th Cir. 1972)].

Respondent contends, however, that the <u>Boykin</u> rights exclusively apply to guilty pleas and Ninth Circuit appellate precedent does not qualify as "clearly established Federal law." (Answer at 11-12.)

This Court finds that "clearly established Federal law" does not support Petitioner's claim because no Supreme Court precedent equates or correlates guilty pleas with admissions to prior crimes.  Only Supreme Court holdings in effect at the time of the state court decision comprise the applicable "clearly established Federal law". <u>See generally</u> <u>Lockyer</u>, 528 U.S. at 71-72. The Supreme Court did not hold in <u>Boykin</u>, nor in any other case, that the same protections and rights advisement afforded an accused in a guilty plea is required for an admission of a prior crime. <u>See generally</u> <u>Boykin</u>,395 U.S. at 242. Furthermore, while the Ninth Circuit found that an admission to a prior

crime is the "functional equivalent" of a guilty plea, Ninth Circuit precedent does not qualify as "clearly established Federal law" under Section 2254(d)(1). See Lockyer 528 U.S. at 71-72; Parker, 132 S. Ct. at 2155. Thus, Petitioner was not entitled to advisement of his constitutional rights nor to an intelligent waiver of those rights, because United States Supreme Court precedent does not equate an admission of a prior crime with a guilty plea.

    2.   The Court Did Not Violate Petitioner's Constitutional Rights Because There Is No Federal Right To A Jury Trial For An Admission To A Prior Crime

Petitioner cites In re Tahl, 1 Cal.3d 122, 132 (1969,) and In re Yurko, 10 Cal.3d 857, 861 (1974), to independently establish his right to a jury trial, to remain silent, and to confront witnesses on the issue of his previous conviction before his admission enhanced his sentence. In California, both the previously cited California Supreme Court cases and California Penal Code Section 1025(b) establish and affirm a defendant's right to a jury trial on the issue of his previous conviction. See In re Tahl, 1 Cal.3d at 132; In re Yurko, 10 Cal.3d at 861. However, neither the California Constitution nor the Unites States Constitution enumerate these rights. Western v. McEwen, 2011 WL 7561574 at *6 (C.D. Cal. 2011).

Respondent contends not only that the basis for Petitioner's rights do not qualify as "clearly established Federal law" under Section 2254(d)(1), but also that the

12CV2178

Supreme Court specifically eliminated any federal right to a jury trial on the issue of a prior conviction that enhances the defendant's sentence in _Apprendi v. New Jersey_, 530 U.S. 466, 490 (2000).

The Court finds that Petitioner's claim is not derived from "clearly established Federal law" because _California statutory and case law_ do not create Petitioner's federal rights. Supreme Court precedent specifically denies Petitioner a federal right to a jury trial on the issue of his prior conviction. Federal courts may not re-examine state court rulings on matters of state law and, furthermore, "clearly established Federal law" does not include state law and state court decisions. See _Locker_, 528 U.S. at 71-72; _Estelle_, 502 U.S. at 68. Thus, Petitioner's reliance on state law is misplaced in this federal habeas corpus proceeding.

In addition, the Supreme Court held in _Apprendi_ that "_other than the fact of a prior conviction,_ any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." _Apprendi_, 530 U.S. at 490 (emphasis added). Thus, _Apprendi_'s rule, does not include the fact of a previous conviction and, "as sentencing factors, need not be afforded the same procedural protections that attach to facts that are construed as elements of the charged crime." _United States v. Tighe_,

12CV2178

266 F.3d 1187, 1192 (9th Cir. 2001). Here, "clearly established Federal law" specifically and unequivocally denies Petitioner a federal right to a jury trial on the issue of his previous conviction.

Accordingly, Petitioner's claim fails the threshold, "clearly established federal law" issue because federal law does not equate the admission of a prior conviction with a guilty plea, nor independently establish that right.

B. Even If Boykin Applies, The Trial Court Did Not Violate Petitioner's Constitutional Rights Because Petitioner Voluntarily And Intelligently Admitted The Prior Conviction

Petitioner claims that he did not intelligently waive his rights because the trial court did not inform him of his right to remain silent and to confront witnesses and, furthermore, misstated the facts to Petitioner when he admitted the prior conviction. (Petition at 6.)

Respondent contends that Petitioner voluntarily and intelligently admitted to the prior conviction, even though the trial court incorrectly stated the year and location, because Petitioner knew of the conviction and stated, "I did the conviction. I'm not saying that I didn't do the bank robbery because I did. I'm admitting to the bank robbery in 1984." (Respondent's Lodgment No. 8 at 603).

Petitioner is not entitled to habeas relief because, under a totality of the circumstances, Petitioner voluntarily and intelligently waived his constitutional rights

12CV2178

and admitted the conviction. Under federal law, a guilty plea implicates three constitutional rights: the right to trial by jury, the right to remain silent, and the right to confront the witnesses and accusers brought against you. <u>Boykin</u>, 395 U.S. at 243. Any waiver of these constitutional rights "not only must be voluntary but must be knowing, intelligent acts done with sufficient aware-ness of the relevant circumstances and likely conse-quences." <u>Brady v. United States</u>,397 U.S. 742, 748 (1970). While the record "must affirmatively disclose" that the defendant "understandingly and voluntarily" plea guilty, the Constitution does not require explicit advisement on each right and the court must judge the voluntariness under the totality of the circumstances. <u>See</u> <u>Brady</u>, 395 U.S. at 747, 749; <u>Wilkins v. Erickson</u>, 505 F.2d 761, 763 (9th Cir. 1974).

The California Court of Appeal found that a totality of the circumstances indicated Petitioner voluntarily and intelligently waived his rights. (Respondent's Lodgment 5 at 6.) This Court agrees. When reviewing a state court decision, a federal court must be deferential and give "the respect due state courts in our federal system." <u>See</u> <u>Miller-El</u>, 537 U.S. at 340. The California Court of Appeal found that Petitioner voluntarily and intelligently waived his rights because the court and defense counsel discussed his right to a jury trial, Petitioner signed an acknowl-edgment regarding the rights associated with an admission

12CV2178

when Petitioner considered self-representation, and Petitioner had exercised each of the rights during previous and current trials. (Respondent's Lodgement 5 at 6-9.)

Thus, the Court of Appeal's denial of Petitioner's claim was neither contrary to, nor an unreasonable application of, clearly established Federal law.

## VI

### CONCLUSION AND RECOMMENDATION

After a review of the record in this matter, the undersigned Magistrate Judge RECOMMENDS that the Petition for Writ of Habeas Corpus be DENIED with prejudice.

This report and recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, pursuant to the provision of 28 U.S.C. § 636(b)(1).

**IT IS ORDERED** that no later than <u>March 22, 2013</u>, 2013, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than <u>April 5, 2013</u>. The parties are advised that failure to file objections within the specified time may waive the right to raise those objec-

12CV2178

1   tions on appeal of the Court's order. Martinez v. Ylst,

2   951 F.2d 1153, 1156 (9th Cir. 1991).

3

4

5   DATED:  February 25, 2013

6

7

8   _____

9   Hon. William V. Gallo
    U.S. Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

12CV2178