1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

ERIC BERNARD JACKSON,

　　　　　　　　　　Petitioner,

　　vs.

MATTHEW CATE, Secretary of
Corrections,

　　　　　　　　　　Respondent.

CASE NO. 12cv2178-WQH-WVG

ORDER

HAYES, Judge:

　　The matter before the Court is the review of the Report and Recommendation (ECF No. 6) issued by United States Magistrate Judge William V. Gallo, recommending that this Court deny Petitioner Eric Bernard Jackson's Petition for Writ of Habeas Corpus (ECF No. 1).

## I.　　Background

　　On January 22, 2010, a jury in San Diego County Superior Court found Petitioner guilty of robbery.  (Lodgment No. 1 at 125).  Petitioner waived his right to a jury trial on the allegation that he had a prior federal felony bank robbery conviction, and he admitted the allegation. (Lodgment No. 5 at 1).  The trial court sentenced Petitioner to a total term of nine years in prison, which included enhancements based on the prior bank robbery conviction. *Id*.

　　On April 5, 2011, the California Court of Appeal affirmed the judgment of the trial court in an unpublished opinion. *Id*. On June 8, 2011, the California Supreme Court denied Petitioner's petition for review without comment.  (Lodgment No. 7).

　　On September 5, 2012, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in this Court. (ECF No. 1).  Petitioner alleges: "The trial court committed

constitutional error by taking Petitioner's admission to a prior conviction allegation without first informing him of his constitutional rights to remain silent and confront witnesses against him." *Id.* at 6.

On November 7, 2012, Respondent filed an Answer to the Petition.  (ECF No. 4).  The docket reflects that Petitioner did not file a traverse.

On February 25, 2013, the Magistrate Judge issued the Report and Recommendation, recommending that the Petition be denied in its entirety.  (ECF No. 6).  The Report and Recommendation concludes: "IT IS ORDERED that no later than <u>March 22, 2013</u>, any party to this action may file written objections with the Court and serve a copy on all parties....  The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order."  *Id.* at 15-16 (citing *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991)).

The docket reflects that neither party filed objections to the Report and Recommendation.

## II.    Review of the Report and Recommendation

The duties of the district court in connection with a report and recommendation of a magistrate judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1).  When a party objects to a report and recommendation, "[a] judge of the [district] court shall make a de novo determination of those portions of the [report and recommendation] to which objection is made."  28 U.S.C. § 636(b)(1).  When no objections are filed, the district court need not review the report and recommendation de novo.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc).  A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  Fed. R. Civ. P. 72(b); *see also* 28 U.S.C. § 636(b)(1).

Neither party objected to the Report and Recommendation, and the Court has reviewed the Report and Recommendation in its entirety.  The Court finds that Petitioner has failed to demonstrate that he is entitled to relief pursuant to 28 U.S.C. § 2254(d).  The Court concludes that the Magistrate Judge correctly determined that the Petition should be denied.  The Court

adopts the Report and Recommendation in its entirety.

## III.     Certificate of Appealability

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability should be issued only where the petition presents "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "[A] [certificate of appealability] should issue when the prisoner shows ... that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court concludes that jurists of reason could not find it debatable whether this Court was correct in denying the Petition. The Court denies a certificate of appealability.

## IV.     Conclusion

IT IS HEREBY ORDERED that the Report and Recommendation is ADOPTED in its entirety. (ECF No. 6). The Petition for Writ of Habeas Corpus is DENIED. (ECF No. 1). A certificate of appealability is DENIED. The Clerk of the Court shall close this case.

DATED: April 23, 2013

**WILLIAM Q. HAYES**
United States District Judge